# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| M&G USA CORPORATION, *et al.*, | ) | Case No. 17-12307 (BLS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| M&G Polimeros Brasil S.A., | ) | |
| | ) | |
| Plaintiff. | ) | Adversary Case No: 18-50007 (BLS) |
| v. | ) | |
| | ) | |
| M&G Polymers USA, LLC and COMERICA BANK, | ) | **Re: Adv. Proc. D.I. 16** |
| | ) | |
| Defendants. | ) | |

## Answer of Defendant Comerica Bank to Amended Complaint And Affirmative Defenses

Defendant Comerica Bank ("Comerica") responds to the Amended Complaint against M&G Polymers USA, LLC ("M&G Polymers") and Comerica as follows:

1. Denies as untrue.

2. Plaintiff sold to M&G Polymers the so-called "Polimeros product" on an unsecured basis, and the "Polimeros product" was part of the inventory owned by M&G Polymers. Comerica, a secured lender to M&G Polymers, has a first priority, perfected security interest in all accounts receivable and inventory of M&G Polymers, including the "Polimeros product" and the proceeds generated as a result of sales thereof. Denies as untrue any allegations that are inconsistent with the foregoing. Neither admits nor denies the balance of the allegations due to lack of sufficient information to form a belief as to the truth thereof.

3. Denies as untrue.

4. Plaintiff sold to M&G Polymers the so-called "Polimeros product" on an unsecured basis, and the "Polimeros product" was part of the inventory owned by M&G Polymers. Comerica, a secured lender to M&G Polymers, has a first priority, perfected security interest in all accounts receivable and inventory of M&G Polymers, including the "Polimeros product" and the proceeds generated as a result of a sale thereof. Denies as untrue any allegations that are inconsistent with the foregoing. Neither admits nor denies the balance of the allegations due to lack of sufficient information to form a belief as to the truth thereof.

5. Neither admits nor denies the allegations relative to the Cash Management Motion, as that document speaks for itself and the allegations inconsistent therewith are denied as untrue. Denies as untrue the balance of the allegations.

6. Admits that Polimeros has had no dealings with Comerica, and further admits that Polimeros never sent any notices to Comerica asserting that (a) Polimeros product was sold on consignment, (b) Polimeros asserts a security interest in the Polimeros product, or (c) Polimeros retained title in the Polimeros product. Denies as untrue the balance of the allegations.

7. Denies as untrue the security interest is "purported". Comerica admits that Comerica is a secured lender to M&G Polymers and has a first priority, perfected security interest in all accounts receivable and inventory of M&G Polymers, including the so-called "Polimeros product" and the proceeds generated as a result of sales thereof. The terms of the loan documents speak for themselves, as does the Final Cash Collateral Order.

8. Admits that Comerica is a secured lender to M&G Polymers and has a first priority, perfected security interest in all accounts receivable and inventory of M&G Polymers, including the so called "Polimeros Property" and the proceeds generated as a result of sales

thereof. Comerica further admits that Comerica's first position, perfected security interest has been conclusively established in the Final Cash Collateral Order.

9. Denies as untrue.

10. Denies as untrue.

11. As to the first sentence, Comerica's first motion to dismiss, brief and exhibits speak for themselves, and to the extent the first sentence is inconsistent therewith, it is denied as untrue. Denies as untrue the second sentence.

12. Denies as untrue.

13. Comerica lacks sufficient information or knowledge to form a belief as to why Plaintiff filed the amended complaint or the original complaint. Denies as untrue that Comerica has no interest in the Polimeros product.

## THE PARTIES

14. Neither admits nor denies due to lack of sufficient information or knowledge to form a belief as to the truth thereof.

15. Neither admits nor denies the first sentence due to lack of sufficient information or knowledge to form a belief as to the truth thereof. Admit the second sentence.

16. Admits. Comerica is a secured lender to M&G Polymers, and has a first priority, perfected security interest in all accounts receivable and inventory of M&G Polymers, including the Polimeros product, including the proceeds generated as a result of sales thereof, as established in the Final Cash Collateral Order.

## JURISDICTION AND VENUE

17. No contest.

18. No contest.

19. Admits. Comerica further states that it consents to the Bankruptcy Court entering final orders and judgments in this matter, as required by Rule 7012-1 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

**VENUE**

20. No contest.

**FACTUAL BACKGROUND**

21. Comerica neither admits nor denies the first two sentences due to a lack of sufficient information or knowledge to form a belief as to the truth thereof. The third sentence is denied as untrue. The footnote is neither admitted nor denied as the Cash Management Motion speaks for itself, and to the extent the footnote is inconsistent therewith, it is denied as untrue.

22. Denies as untrue. By way of further answer, Plaintiff sold to M&G Polymers the so-called Polimeros PET product on an unsecured basis, and the Polimeros PET product was part of the inventory owned by M&G Polymers. Comerica, a secured lender to M&G Polymers, has a first priority, perfected security interest in all accounts receivable and inventory of M&G Polymers, including the Polimeros PET product and the proceeds generated as a result of sales thereof.

23. Denies as untrue.

24. Comerica lacks sufficient information or knowledge to form a belief as to the truth of the first sentence. The second sentence is denied as untrue.

25. Denies as untrue.

26. Denies as untrue.

27. Denies as untrue any allegation that asserts that Polimeros is anything other than an unsecured creditor. Neither admits nor denies the balance of the allegations due to a lack of sufficient information or knowledge to form a belief as to the truth thereof.

28. Denies as untrue any allegation that asserts that Polimeros is anything other than an unsecured creditor. Neither admits nor denies the balance of the allegations due to a lack of sufficient information or knowledge to form a belief as to the truth thereof.

29. Denies as untrue any allegation that asserts that Polimeros is anything other than an unsecured creditor. Neither admits nor denies the balance of the allegations due to a lack of sufficient information or knowledge to form a belief as to the truth thereof.

30. Denies as untrue the first sentence. Denies as untrue any allegation that asserts that Polimeros is anything other than an unsecured creditor. Neither admits nor denies the balance of the allegations due to a lack of sufficient information or knowledge to form a belief as to the truth thereof. By way of further answer, Plaintiff sold to M&G Polymers the so-called Polimeros PET product on an unsecured basis, and the Polimeros PET product was part of the inventory owned by M&G Polymers. Comerica, a secured lender to M&G Polymers, has a first priority, perfected security interest in all accounts receivable and inventory of M&G Polymers, including the Polimeros PET product and the proceeds generated as a result of sales thereof. To the extent the allegations of paragraph 30 are inconsistent therewith, they are denied as untrue.

31. Denies as untrue that there was no contractual arrangement between the parties and neither admits nor denies the balance of the first sentence due to lack of sufficient information or knowledge to form a belief as to the truth thereof. As to the second sentence, Polimeros sold the PET product to M&G Polymers in accordance with purchase orders and invoices, as an unsecured

trade creditor. To the extent that the allegations are inconsistent therewith, they are denied as untrue.

32. Plaintiff sold to M&G Polymers the so-called Polimeros PET product on an unsecured basis, and the Polimeros PET product was part of the inventory owned by M&G Polymers. Comerica, a secured lender to M&G Polymers, has a first priority, perfected security interest in all accounts receivable and inventory of M&G Polymers, including the Polimeros PET product and the proceeds generated as a result of sales thereof. To the extent the allegations of paragraph 32 are inconsistent thereto, they are denied as untrue.

33. Neither admits nor denies as the terms of the Cash Management Motion and the order relative thereto speak for themselves. To the extent the allegations are inconsistent therewith, they are denied as untrue.

34. Denies as untrue.

35. The term "CONSIGNEE" only means the recipient of the goods. To the extent the allegations are inconsistent therewith, they are denied as untrue.

36. Denies as untrue.

37. Denies as untrue.

38. Plaintiff lacks sufficient information or knowledge to form a belief as to the truth of the allegations as to what other creditors generally knew. Plaintiff sold to M&G Polymers the so-called Polimeros product on an unsecured basis, and the Polimeros product was part of the inventory owned by M&G Polymers. Comerica, a secured lender to M&G Polymers, has a first priority, perfected security interest in all accounts receivable and inventory of M&G Polymers, including the Polimeros product and the proceeds generated as a result of sales thereof. To the extent the allegations are inconsistent thereto, they are denied as untrue.

39. Denies as untrue.

40. Admits the first sentence. Denies as untrue the balance of the allegations.

41. Neither admits nor denies as the terms of the loan documents speak for themselves. To the extent the allegations of Paragraph 41 are inconsistent therewith, they are denied as untrue.

42. Denies as untrue.

43. Denies as untrue.

44. Plaintiff sold to M&G Polymers the so-called Polimeros PET product on an unsecured basis, and the Polimeros PET product was part of the inventory owned by M&G Polymers. Comerica, a secured lender to M&G Polymers, has a first priority, perfected security interest in all accounts receivable and inventory of M&G Polymers, including the Polimeros PET product and the proceeds generated as a result of sales thereof. To the extent the allegations of paragraph 44 are inconsistent thereto, they are denied as untrue. As to the balance of the allegations, Comerica lacks sufficient information or knowledge to form a belief as to the truth thereof.

45. Plaintiff sold to M&G Polymers the so-called Polimeros PET product on an unsecured basis, and the Polimeros PET product was part of the inventory owned by M&G Polymers. Comerica, a secured lender to M&G Polymers, has a first priority, perfected security interest in all accounts receivable and inventory of M&G Polymers, including the Polimeros PET product and the proceeds generated as a result of sales thereof. To the extent the allegations of paragraph 45 are inconsistent thereto, they are denied as untrue. As to the balance of the allegations, Comerica lacks sufficient information or knowledge to form a belief as to the truth thereof.

46.     Plaintiff sold to M&G Polymers the so-called Polimeros PET product on an unsecured basis, and the Polimeros PET product was part of the inventory owned by M&G Polymers. Comerica, a secured lender to M&G Polymers, has a first priority, perfected security interest in all accounts receivable and inventory of M&G Polymers, including the Polimeros PET product and the proceeds generated as a result of sales thereof. To the extent the allegations of paragraph 46 are inconsistent thereto, they are denied as untrue. As to the balance of the allegations, Comerica lacks sufficient information or knowledge to form a belief as to the truth thereof.

47.     Plaintiff sold to M&G Polymers the so-called Polimeros PET product on an unsecured basis, and the Polimeros PET product was part of the inventory owned by M&G Polymers. Comerica, a secured lender to M&G Polymers, has a first priority, perfected security interest in all accounts receivable and inventory of M&G Polymers, including the Polimeros PET product and the proceeds generated as a result of sales thereof. To the extent the allegations of paragraph 47 are inconsistent thereto, they are denied as untrue.

48.     Admits that M&G Polymers defaulted and that Comerica has a first priority security interest in all accounts receivable and inventory of M&G Polymers, as conclusively established in the Final Cash Collateral Order. Comerica's loan documents, Comerica's complaint, and the petition of M&G Polymers speak for themselves. To the extent the allegations are inconsistent therewith, they are denied as untrue.

49.     Plaintiff sold to M&G Polymers the so-called Polimeros PET product on an unsecured basis, and the Polimeros PET product was part of the inventory owned by M&G Polymers. Comerica, a secured lender to M&G Polymers, has a first priority, perfected security interest in all accounts receivable and inventory of M&G Polymers, including the Polimeros PET

product and the proceeds generated as a result of sales thereof. To the extent the allegations of paragraph 49 are inconsistent thereto, they are denied as untrue. The Final Cash Collateral Order speaks for itself. To the extent the allegations are inconsistent therewith, they are denied as untrue.

50. The terms of the Final Cash Collateral Order speak for themselves. To the extent the allegations are inconsistent therewith, they are denied as untrue.

51. Denies as untrue. Plaintiff sold to M&G Polymers the so-called Polimeros PET product on an unsecured basis, and the Polimeros PET product was part of the inventory owned by M&G Polymers. Comerica, a secured lender to M&G Polymers, has a first priority, perfected security interest in all accounts receivable and inventory of M&G Polymers, including the Polimeros PET product and the proceeds generated as a result of sales thereof.

52. Denies as untrue.

### COUNT I - CONSTRUCTIVE TRUST
**(Against M&G Polymers and Comerica)**

53. Comerica incorporates by reference its responses to the referenced paragraphs of the Amended Complaint.

54. Denies as untrue.

55. Neither admits nor denies due to lack of sufficient information or knowledge to form a belief as to the truth thereof.

56. Plaintiff sold to M&G Polymers the so-called Polimeros PET product on an unsecured basis, and the Polimeros PET product was part of the inventory owned by M&G Polymers. As a result, Comerica admits that M&G Polymers had a contractual obligation to pay Plaintiff for the Polimeros PET product that it bought from Plaintiff. Comerica neither admits

nor denies the balance of the allegations due to a lack of sufficient information or knowledge to form a belief as to the truth thereof.

57. Plaintiff sold to M&G Polymers the so-called Polimeros PET product on an unsecured basis, and the Polimeros PET product was part of the inventory owned by M&G Polymers. To the extent the allegations of paragraph 57 are inconsistent thereto, Comerica neither admits nor denies due to lack of sufficient information or knowledge to form a belief as to the truth thereof.

58. Comerica neither admits nor denies due to lack of sufficient information or knowledge to form a belief as to the truth thereof.

59. Comerica neither admits nor denies due to lack of sufficient information or knowledge to form a belief as to the truth thereof.

60. Comerica neither admits nor denies as the terms of the Final Cash Collateral Order speak for themselves.

61. Denies as untrue.

62. Denies as untrue.

63. Denies as untrue. Plaintiff sold to M&G Polymers the so-called Polimeros PET product on an unsecured basis, and the Polimeros PET product was part of the inventory owned by M&G Polymers. Comerica, a secured lender to M&G Polymers, has a first priority, perfected security interest in all accounts receivable and inventory of M&G Polymers, including the Polimeros PET product and the proceeds generated as a result of sales thereof.

64. Denies as untrue.

## COUNT II - UNJUST ENRICHMENT
### (Against M&G Polymers)

65. Comerica incorporates by reference its responses to the referenced paragraphs of the Amended Complaint.

66. Denies as untrue.

67. Neither admits nor denies due to lack of sufficient information or knowledge to form a belief as to the truth thereof.

68. Plaintiff sold to M&G Polymers the so-called Polimeros PET product on an unsecured basis, and the Polimeros PET product was part of the inventory owned by M&G Polymers. As a result, Comerica admits that M&G Polymers had a contractual obligation to pay Plaintiff for the Polimeros PET product that it bought from Plaintiff. Comerica neither admits nor denies the balance of the allegations due to a lack of sufficient information or knowledge to form a belief as to the truth thereof.

69. Plaintiff sold to M&G Polymers the so-called Polimeros PET product on an unsecured basis, and the Polimeros PET product was part of the inventory owned by M&G Polymers. To the extent the allegations of paragraph 57 are inconsistent thereto, Comerica neither admits nor denies due to lack of sufficient information or knowledge to form a belief as to the truth thereof.

70. Comerica neither admits nor denies due to lack of sufficient information or knowledge to form a belief as to the truth thereof.

71. Comerica neither admits nor denies due to lack of sufficient information or knowledge to form a belief as to the truth thereof.

72. Comerica neither admits nor denies as the terms of the Final Cash Collateral Order speak for themselves.

73. Denies as untrue.

74. Denies as untrue.

75. Denies as untrue.

76. Denies as untrue.

**COUNT III - UNJUST ENRICHMENT**
(Against Comerica)

77. Comerica incorporates by reference its responses to the referenced paragraphs of the Amended Complaint.

78. Denies as untrue.

79. Neither admits nor denies due to lack of sufficient information or knowledge to form a belief as to the truth thereof.

80. Plaintiff sold to M&G Polymers the so-called Polimeros PET product on an unsecured basis, and the Polimeros PET product was part of the inventory owned by M&G Polymers. As a result, Comerica admits that M&G Polymers had a contractual obligation to pay Plaintiff for the Polimeros PET product that it bought from Plaintiff. Comerica neither admits nor denies the balance of the allegations due to a lack of sufficient information or knowledge to form a belief as to the truth thereof.

81. Plaintiff sold to M&G Polymers the so-called Polimeros PET product on an unsecured basis, and the Polimeros PET product was part of the inventory owned by M&G Polymers. To the extent the allegations of paragraph 57 are inconsistent thereto, Comerica neither admits nor denies due to lack of sufficient information or knowledge to form a belief as to the truth thereof.

82. Comerica neither admits nor denies due to lack of sufficient information or knowledge to form a belief as to the truth thereof.

83. Comerica neither admits nor denies due to lack of sufficient information or knowledge to form a belief as to the truth thereof.

84. Comerica neither admits nor denies as the terms of the Final Cash Collateral Order speak for themselves.

85. Denies as untrue.

86. Denies as untrue.

87. Denies as untrue.

88. Denies as untrue.

## COUNT IV - DECLARATORY JUDGMENT
### (Against All Defendants)

89. Comerica incorporates by reference its responses to those paragraphs.

90. Federal Rule of Bankruptcy 7001 speaks for itself.

91. Denies as untrue.

92. Denies as untrue.

93. Denies as untrue.

## PRAYER FOR RELIEF

WHEREFORE, Comerica respectfully prays that this Court either dismiss the complaint with prejudice or enter a judgment of no cause of action and award Comerica its costs and attorney fees.

**Affirmative Defenses**

Comerica may rely upon the following affirmative defenses if supported by the facts ascertained through discovery:

1. Failure to state a claim.

2. Plaintiff sold goods to Defendant M&G Polymers on an unsecured basis pursuant to purchase orders and invoices.

3. There exists one (or more) contracts between Plaintiff and M&G Polymers and therefore Plaintiff is not entitled to assert a claim for unjust enrichment.

4. Statute of frauds.

5. Failure to give notice to Comerica.

6. To the extent any so called "Polimeros Property" or the proceeds thereof would otherwise have been subject to a constructive trust and not subject to a properly perfected, non-avoidable, first-priority security interest or other lien in favor of Comerica, that so called Polimeros Property and any proceeds thereof were spent and consumed by M&G Polymers during the bankruptcy case, pursuant to Section 19(c) of the Final Cash Collateral Order [Doc. No. 487].

7. Plaintiff cannot trace any interest it alleges in the so called Polimeros Property to any cash on hand or otherwise in the possession of M&G Polymers.

8. Unclean hands.

9. Estoppel.

10. Waiver.

11. Laches.

12. Lack of standing.

13. Comerica reserves the right to rely upon other and further affirmative defenses at trial.

Dated: October 2, 2018

CONNOLLY GALLAGHER LLP

/s/ Jeffrey C. Wisler
Karen C. Bifferato (DE Bar No. 3279)
Jeffrey C. Wisler (DE Bar No. 2795)
Kelly M. Conlan (DE Bar No. 4786)
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 757-7300
Facsimile: (302) 658-0380
Email: kbifferato@connollygallagher.com
Email: jwisler@connollygallagher.com
Email: kconlan@connollygallagher.com

and

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Jonathan S. Green
Steven A. Roach
Erika L. Giroux
150 West Jefferson, Suite 2500
Detroit, MI 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
Email: green@millercanfield.com
Email: roach@millercanfield.com
Email: giroux@millercanfield.com

*Counsel to Comerica Bank*

#05415849