# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| M&G USA CORPORATION, *et al.*, | Case No. 17-12307 (BLS) |
| Debtors. | Jointly Administered |
| M&G Polimeros Brasil S.A., | |
| Plaintiff, | Adv. Proc. No. 18-50007-BLS |
| v. | |
| M&G Polymers USA, LLC and Comerica Bank, | |
| Defendants. | |

## ANSWER OF M&G POLYMERS USA, LLC TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

For its answer to the Amended Complaint filed by M&G Polimeros Brasil S.A. ("Polimeros"), Defendant M&G Polymers USA, LLC ("Polymers") states as follows:

## NATURE OF THIS ACTION

1. Denied.

2. Polymers admits it has sold polyethylene terephthalate ("PET") manufactured by Polimeros. Polymers denies that receivables resulting from the sale of PET manufactured by Polimeros, cash generated from such receivables, and any unsold product possessed by Polymers

are property of Polimeros. Except as expressly admitted, the allegations in this paragraph are denied.

3. Denied.

4. Denied.

5. Polymers admits that its Chief Restructuring Officer ("CRO") took steps to formalize certain Inter-Affiliate Transactions on a post-petition basis as reflected in the Debtors' Cash Management Motion (the "Cash Management Motion"), *see* [Docket No. 7], which speaks for itself. Except as expressly admitted, the allegations in this paragraph are denied.

6. Polymers lacks sufficient knowledge to admit or deny the allegations in this paragraph, which are therefore denied.

7. Polymers admits that Comerica Bank ("Comerica") has rights under a Security Agreement dated September 30, 2015, which speaks for itself. Except as expressly admitted, the allegations in this paragraph are denied.

8. Polymers admits that Comerica has made claims under the September 30, 2015 Security Agreement. Except as expressly admitted, the allegations in this paragraph are denied.

9. To the extent this paragraph contains allegations of fact and not just conclusions of law to which no response is required, it is denied.

10. Denied.

11. Polymers admits that Defendant Comerica filed a motion to dismiss on February 8, 2018, which speaks for itself. Except as expressly admitted, the allegations in this paragraph are denied.

12. Polymers lacks sufficient knowledge to admit or deny the allegations in this paragraph, which are therefore denied.

13.     Polymers lacks sufficient knowledge to admit or deny the allegations in this paragraph, which are therefore denied.

**THE PARTIES**

14.     Admitted.

15.     Polymers admits that it is a Delaware limited liability company, but has ceased operations at State Route 2, Apple Grove, West Virginia, 25502.  Polymers avers that on October 24, 2017 (the "Polymers Petition Date"), Polymers commenced a bankruptcy proceeding under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, Case No. 17-12268.  Except as expressly admitted, the allegations in this paragraph are denied.

16.     Admitted.

**JURISDICTION**

17.     The legal conclusions of this paragraph do not require a response.

18.     The legal conclusions of this paragraph do not require a response.

19.     The legal conclusions of this paragraph do not require a response.

**VENUE**

20.     The legal conclusions of this paragraph do not require a response.

**FACTUAL BACKGROUND**

21.     Polymers admits that it sold PET manufactured by Polimeros.  Except as expressly admitted, the allegations in this paragraph are denied.

22.     Polymers admits that Polimeros sent PET to Polymers, and that Polymers sold PET to U.S. customers and collected payment from U.S. customers.  Except as expressly admitted, the allegations in this paragraph are denied.

23. Denied.

24. Polymers lacks sufficient knowledge to admit or deny the allegations in this paragraph, which are therefore denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Polymers admits that it filed a Cash Management Motion, which speaks for itself. Except as expressly admitted, the allegations in this paragraph are denied.

34. Denied.

35. Polymers avers that the referenced invoices speak for themselves. Except as expressly admitted, the allegations in this paragraph are denied.

36. Denied.

37. Polymers admits that the PET invoices reflect transactions between Polymers and Polimeros. Except as expressly admitted, the allegations in this paragraph are denied.

38. Polymers denies the characterization of its knowledge and otherwise lacks sufficient knowledge to admit or deny the allegations of this paragraph, which are therefore denied.

39. Polymers lacks sufficient knowledge to admit or deny the allegations in this paragraph, which are therefore denied.

40. Polymers admits that Comerica filed a motion to dismiss, which speaks for itself. Except as expressly admitted, the allegations in this paragraph are denied.

41. Polymers admits that Comerica lent money to Polymers pursuant to an "Asset Based Loan" and otherwise lacks sufficient knowledge to admit or deny the allegations in this paragraph, which are therefore denied.

42. Polymers lacks sufficient knowledge to admit or deny the allegations in this paragraph, which are therefore denied.

43. Polymers lacks sufficient knowledge to admit or deny the allegations in this paragraph, which are therefore denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Polymers avers that the Amended and Restated Master Revolving Note dated December 21, 2015 and the Security Agreement dated September 30, 2015 speak for themselves. Polymers also avers that Comerica filed a complaint on October 20, 2017, with the United States District Court for the Eastern District of Michigan, which speaks for itself. Except as expressly admitted, the allegations in this paragraph are denied.

49. Polymers avers that the Court's *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 AND 507 (1) Authorizing Use of Cash Collateral, (2) Granting Adequate Protection, (3) Modifying the Automatic Stay, and (4) Scheduling a Final Hearing*, [Docket No. 487] (the

"Final Order"), speaks for itself. Except as expressly admitted, the allegations in this paragraph are denied.

50. Polymers avers that the Final Order speaks for itself. Except as expressly admitted, the allegations in this paragraph are denied.

51. Denied.

52. Denied.

### COUNT I – CONSTRUCTIVE TRUST
### (AGAINST M&G POLYMERS AND COMERICA)

53. Polymers incorporates its responses to all of the paragraphs above as if fully restated here.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Polymers admits that it was not required to pay interest to Polimeros on the invoices of PET, but denies that it collected funds on Polimeros' behalf. Except as expressly admitted, the allegations in this paragraph are denied.

59. Denied.

60. Polymers avers that the Final Order speaks for itself. Except as expressly admitted, the allegations in this paragraph are denied.

61. Denied.

62. Denied.

63. Denied.

64. To the extent this paragraph contains allegations of fact and not just conclusions of law to which no response is required, it is denied.

### COUNT II – UNJUST ENRICHMENT
### (AGAINST M&G POLYMERS)

65. Polymers incorporates its responses to all of the paragraphs above as if fully restated here.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Polymers admits that it was not required to pay interest to Polimeros on the PET invoices, but denies that it collected funds on Polimeros' behalf. Except as expressly admitted, the allegations in this paragraph are denied.

71. Denied.

72. Polymers avers that the Final Order speaks for itself. Except as expressly admitted, the allegations in this paragraph are denied.

73. Denied.

74. Denied.

75. Denied.

76. To the extent this paragraph contains allegations of fact and not just conclusions of law to which no response is required, it is denied.

## COUNT III – UNJUST ENRICHMENT
## (AGAINST COMERICA)

77. Polymers incorporates its responses to all of the paragraphs above as if fully restated here.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Polymers admits that it was not required to pay interest to Polimeros on the PET invoices, but denies that it collected funds on Polimeros' behalf. Except as expressly admitted, the allegations in this paragraph are denied.

83. Denied.

84. Polymers avers that the Final Order speaks for itself. Except as expressly admitted, the allegations in this paragraph are denied.

85. Denied.

86. Denied.

87. Denied.

88. To the extent this paragraph contains allegations of fact and not just conclusions of law to which no response is required, it is denied.

## COUNT IV – DECLARATORY JUDGMENT
## (AGAINST ALL DEFENDANTS)

89. Polymers incorporates its responses to all of the paragraphs above as if fully restated here.

90. The legal conclusions of this paragraph do not require a response.

91. Denied.

92. The legal conclusions of this paragraph do not require a response.

93. To the extent this paragraph contains allegations of fact and not just conclusions of law to which no response is required, it is denied.

94. Except as expressly admitted, each and every allegation in the Amended Complaint is denied.

## AFFIRMATIVE DEFENSES

Polymers sets forth the following affirmative defenses to the Amended Complaint. Polymers reserves its right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

1. The Amended Complaint fails to state a claim for relief.

2. A contract already governs the relevant relationship between Polimeros and Polymers, which therefore bars Polimeros' claims of unjust enrichment.

3. To the extent Polimeros' claims rely on the existence of a contract, they are barred by the statute of frauds.

4. Polimeros' claims are barred by the doctrines of waiver and laches.

5. A constructive trust cannot be imposed because the property alleged to be the subject of the trust is not traceable.

## PRAYER FOR RELIEF

WHEREFORE, Polymers prays as follows:

1. This Court enter judgment in favor of Polymers; and

2. That the Amended Complaint be dismissed in its entirety with prejudice.

| | |
|---|---|
| Dated: October 2, 2018 | /s/     *James E. O'Neill* |
| | Laura Davis Jones (DE Bar No. 2436) |
| | James E. O'Neill (DE Bar No. 4042) |
| | Joseph M. Mulvihill (DE Bar No. 6061) |
| | PACHULSKI STANG ZIEHL & JONES LLP |
| | 919 Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, DE 19899-8705 (Courier 19801) |
| | Telephone: (302) 652-4100 |
| | Facsimile: (302) 652-4400 |
| | Email: ljones@pszjlaw.com |
| | joneill@pszjlaw.com |
| | jmulvihill@pszjlaw.com |

-and-

Scott J. Greenberg
Stacey L. Corr-Irvine
JONES DAY
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
Email: sgreenberg@jonesday.com
scorrirvine@jonesday.com

-and-

Carl E. Black
Tracy K. Stratford
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (212) 579-0212
Email: ceblack@jonesday.com
tkstratford@jonesday.com

Co-Counsel for the Debtors and Debtors in Possession